**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 03-1477

HABTAMU PETROS HANDRO,

Petitioner,

versus

JOHN ASHCROFT, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals. (A77-374-514)

Submitted: May 26, 2004                    Decided: July 13, 2004

Before NIEMEYER, MICHAEL, and GREGORY, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Rev. Uduak J. Ubom, Washington, D.C., for Petitioner. Peter D.
Keisler, Assistant Attorney General, Mark C. Walters, Assistant
Director, Arthur L. Rabin, UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Habtamu Petros Handro, a native and citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals ("Board") affirming, without opinion, the immigration judge's denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture.

In his petition for review, Handro raises challenges to the immigration judge's determination that he failed to establish his eligibility for asylum. To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that Handro fails to show that the evidence compels a contrary result. Accordingly, we cannot grant the relief that he seeks.

Additionally, we uphold the immigration judge's denial of Handro's request for withholding of removal. The standard for withholding of removal is more stringent than that for granting asylum. Chen v. INS, 195 F.3d 198, 205 (4th Cir. 1999). To qualify for withholding of removal, an applicant must demonstrate "a clear probability of persecution." INS v. Cardoza-Fonseca, 480 U.S. 421, 430 (1987). Because Handro fails to show that he is

eligible for asylum, he cannot meet the higher standard for withholding of removal.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED